UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RODGER BATEMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:08-1186 |
| | ) | Judge Echols |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Numerous taxpayers and at least one tax preparer ("Plaintiffs") filed this lawsuit alleging civil rights violations against numerous federal defendants, including the Internal Revenue Service ("IRS") and individual employees of the IRS who are sued in their official and individual capacities. The Plaintiffs allege that their federal constitutional rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments were violated by the IRS and its employees in the course of tax examinations and collections. Plaintiffs seek declaratory and injunctive relief and damages.

The United States filed a Motion to Dismiss Plaintiffs' Complaint (Docket Entry No. 68), to which the Plaintiffs filed a response in opposition (Docket Entry No. 102 & 103), and the United States filed a reply (Docket Entry No. 107). Plaintiffs filed an Amended Complaint on the same day that they responded to the United States' motion to dismiss. The Magistrate Judge later determined that Plaintiffs were entitled to file the Amended Complaint (Docket Entry No. 109) as a matter of right since no responsive pleading had yet been filed by the United States. (Docket Entry No. 111, Order.) The United States requests that its motion to dismiss also apply to Plaintiffs' Amended

1

Complaint and contends that said Amended Complaint should be dismissed for all of the reasons stated in its opening and reply briefs.

## I. FACTS

In the Amended Complaint, Plaintiffs alleged that they were clients of Advanced Business Consultants, which was operated by Northern Lights Enterprises, Inc., a company owned by Daniel and Lisa Unge. (Docket Entry No. 109, Amended Complaint ¶ 1.) Plaintiffs allege that the IRS and its agents unfairly targeted them. (Id. Section IV, ¶ 2.) Plaintiffs alleged that IRS employees made false statements; destroyed or would not return documents needed for tax court preparation; lied to criminal investigators; conducted "arbitrary and capricious" tax audits; tried to force Plaintiffs to sign stipulations of facts; refused certain Plaintiffs representation at tax audits and denied "manager meetings"; contacted certain Plaintiffs directly when they had legal representation; unlawfully issued liens, levied bank accounts, and garnished wages; referred Lisa Unge and Advanced Business Consultants for criminal investigation without fully reviewing the file; violated their rights to privacy; failed to follow tax audit procedures; and unlawfully seized Plaintiffs' funds and collected tax revenue knowing the collections were not valid and charged penalties and interest. (Id. ¶¶ 1-46, 49, 50, 53.)

Plaintiffs also alleged that many of the tax audits began in certain prior years and continue to the present, violating the Plaintiffs' rights to speedy audits. (Id. ¶¶ 47-48, 51, 54-56, 62-64.) They further alleged that the IRS and its employees denied Plaintiffs' due process right to appeals, "ignoring transfer requests and forcing the plaintiffs to file petitions in tax court." (Id. ¶ 52, 57.) Plaintiffs alleged they have exhausted their administrative remedies, although they do not explain in the Amended Complaint what administrative remedies were exhausted. (Id. ¶ 58.) IRS 911 forms

entitled "Application for Taxpayer Assistance Order (ATAO)" completed by certain Plaintiffs were appended to the Amended Complaint (Ex. B) as proof of exhaustion of administrative remedies. (Amended Complaint, Section V ¶ 38.)

Plaintiffs alleged that the named IRS defendants acted in concert with one another and conspired to violate the Plaintiffs' federally protected rights. Further, Plaintiffs alleged that the IRS defendants harassed the Plaintiffs and violated the Internal Revenue Code and the Department of Treasury regulations and/or policies in bad faith for the purpose of retaliating against or harassing the Plaintiffs and their representatives. (Id. ¶¶ 59-61, 65-71.)

In claiming that the IRS defendants violated Plaintiffs' rights, Plaintiffs alleged: "The IRS agents and employees were on duty, and acting as permitted only by virtue of their positions with the U.S. Government and the IRS. They were taught in technique and practices by the U.S. Government, Department of Treasury, and the IRS." (Id. Section V ¶ 4.) Plaintiffs also alleged, however: "The defendants have exceeded their authority under the Tax Codes and have operated outside the scope of their official duties[,]" (id. ¶ 13) and "[t]he federal official defendants have acted outside the scope of their authority and official capacity." (Id. ¶ 33.) Plaintiffs attached to the Amended Complaint a chart which is alleged to show "a breakdown of dates, appeals, audits, TIGTA complaints and Defendant violations provided by plaintiffs." (Amended Complaint, Ex. A.)

Plaintiffs seek relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for alleged violations of their First, Fourth, Fifth, Sixth and Fourteenth Amendment rights, and they allege conspiracy under 42 U.S.C. §§ 1985 and 1986.[1]

---

[1] In the original Complaint, Plaintiffs sought relief under 42 U.S.C. § 1983, but after Defendants pointed out in the motion to dismiss that § 1983 relief is unavailable against federal actors, Plaintiffs filed the Amended Complaint raising <u>Bivens</u>, the counterpart to § 1983. Thus,

Additionally, the Plaintiffs claim the IRS defendants violated certain provisions of the Tax Code, 26 U.S.C. §§ 7314, 7426, 7431, 7433, and 7491, and Plaintiffs sue for tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. Finally, they claim they are entitled to relief under Tennessee law for intentional infliction of emotional distress, official misconduct, abuse of process, trespass, conversion, tortious interference with business relations, and other violations of the Tennessee Constitution and laws. (Id. ¶ 11.) Plaintiffs request "a declaratory judgment that the policies, practices, and actions complained of . . . are illegal and unconstitutional." They ask that "the individual defendants be restrained from participating in the plaintiffs' cases with the IRS[,]" that the Court award the Plaintiffs against the Defendants, jointly and severally, damages in the amount of $41 million and punitive damages in the amount of $20.5 million, and that Plaintiffs be awarded attorney's fees and costs. (Id. Prayer for Relief.)

The United States asserts a variety of reasons why the Amended Complaint should be dismissed, including lack of proper service on the individual Defendants[2] and lack of subject matter jurisdiction over Plaintiffs' requests for declaratory and injunctive relief. The United States also contends that Plaintiffs' claims for damages also should be dismissed for lack of jurisdiction and for failure to state claim.

---

Defendants' arguments concerning the § 1983 cause of action have become moot.

[2]The United States initially argued that Plaintiffs failed to obtain proper service on the United States because they did not serve the Attorney General, but that oversight has apparently now been rectified. (Docket Entry No. 81, Summons on Attorney General returned executed.)

## II. ANALYSIS

### A. Lack of proper service over individual defendants

Plaintiffs sued the individual Defendants in their official and personal capacities. The United States contends that the Plaintiffs failed to achieve proper service on the individual Defendants in their personal capacities. The Court agrees in part.

The Plaintiffs attempted twice to obtain service on the individual Defendants. On the first attempt, counsel for the Plaintiffs used a private process server, who served a summons and copy of the Complaint on each individual Defendant by leaving the documents with IRS Field Agent, "Miran Niccolich," (the United States uses the name "Miram Nicholach") on December 17, 2008, at the IRS office address on Broadway in Nashville, Tennessee. (Docket Entry Nos. 43-58.) Under Federal Rule of Civil Procedure 4(e)(2)(A), this was sufficient personal service on Field Agent Nicholach, a named Defendant, but it was not sufficient personal service on the remaining individual Defendants. Plaintiffs have made no showing that Field Agent Nicholach was authorized by appointment of law to receive service of process for the other individual Defendants, Fed.Civ.P. 4(e)(2)(C), and Plaintiffs did not deliver the documents to the individual Defendants personally or leave copies at the individuals' residences with persons of suitable age and discretion who reside there. Fed.R.Civ.P. 4(e)(2)(B).

After the United States filed its motion to dismiss, the Plaintiffs tried again to achieve service. Plaintiffs' counsel sent copies of the summons and Complaint by certified mail addressed to each individual Defendant at the work address for the IRS offices located on Broadway in Nashville, Tennessee. (Docket Entry Nos. 85-98.) While Tennessee law allows service by certified mail, such mail must be received and signed for by the individual named defendant or by an agent

authorized to accept service. Tenn.R.Civ.P. 4.04(1) and (10); Hall v. Haynes, No. W2007-02611-COA-R9-CV, 2009 WL 782761 at *13 (Tenn. Ct. App. Mar. 26, 2009) (holding service of process by certified mail must be signed for by individual to whom mail is addressed or by agent who has express or implied actual authority to accept service on the individual's behalf). An individual at IRS named Holly Redding signed each of the certified mail return receipts. She did not check the box that she was signing as an "Agent." Plaintiffs have made no showing that Holly Redding had express or implied actual authority to accept service on behalf of the individual IRS Defendants whom Plaintiff sued. Thus, Plaintiffs have not achieved proper service on any individual Defendant but Miriam Nicholach.

**B. Lack of subject matter jurisdiction over requests for declaratory and injunctive relief**

Plaintiffs' Amended Complaint clearly asks this Court to enter a declaratory judgment that the IRS policies, practices, and actions to audit and collect taxes, penalties, and interest from the Plaintiffs are illegal and unconstitutional, and further requests that the Court impose an injunction restraining the IRS Defendants from participating in the Plaintiffs' cases with the IRS.

The Court lacks subject matter jurisdiction to entertain such requests for declaratory and injunctive relief. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows the Court to grant declaratory judgment in "a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986[.]" Plaintiffs have not made a claim under section 7428 of the Internal Revenue Code. Thus, the Court lacks subject matter jurisdiction to enter a declaratory judgment on Plaintiffs' claims respecting federal tax audit and collection by the IRS Defendants. See Ecclesiastical Order of the ISM of AM, Inc. v. IRS, 725 F.2d 398, 400-401 (6th Cir. 1984).

Similarly, the Anti-Injunction Act, 26 U.S.C. § 7421, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 2 (1962). The Anti-Injunction Act enables the federal government to collect taxes expeditiously and with a minimum of pre-enforcement judicial interference, while the taxpayer may dispute sums assessed by the IRS in a post-collection refund suit. Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). The scope of the Anti-Injunction Act extends to judicial interference with federal investigative "activities which are intended to or may culminate in the assessment or collection of taxes." United States v. Dema, 544 F.2d 1373, 1376 (7th Cir. 1976); Black v. United States, 534 F.2d 524, 526-527 (2nd Cir. 1976) (holding that enjoining IRS from continuing an investigation "is precisely [the] kind of interference which the Anti-Injunction Act is designed to prevent."); Graham v. United States, 528 F.Supp. 933, 937 (E.D. Pa. 1981) ("the Act prohibits injunctions against both IRS investigations and allegedly harassing activities within the scope of those investigations.").

Additionally, the Anti-Injunction Act applies even though Plaintiffs seek to preclude the assessment of tax penalties rather than taxes, as penalties are treated like taxes. 26 U.S.C. § 6671; Crouch v. Comm'r of Internal Revenue Serv., 447 F.Supp. 385 (N.D. Cal. 1978) (holding clear congressional intent evidenced in § 6671 appears to treat all penalties in same manner as taxes insofar as their assessment and collection is concerned); Gleason v. Comm'r of Internal Revenue Serv., 57 A.F.T.R.2d 86-1278, 86-1278 (W.D. Mo. 1986) (holding plaintiffs' attempt to restrain IRS from collecting assessed tax deficiencies or preparers' penalties was precluded by Anti-Injunction Act); Griffith v. Comm'r of Internal Revenue, 598 F.Supp. 405, 406 (N.D. Ohio 1983) ("Although

7

the assessment is a penalty it is still considered a tax and comes within the meaning of the anti-injunction statute."). Plaintiffs' Amended Complaint does not establish that Plaintiffs' concerns fall within any statutory or judicially-created exception to 26 U.S.C. § 7421. See Gleason, 57 AFTR2d at 86-1279 (citing Enoch, 370 U.S. 1, for proposition that "[e]xceptions have been judicially-created only where no adequate remedy at law is available and it is shown under the most liberal view of the law and the facts that the United States cannot establish its claim.").

"[T]he federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." Bob Jones Univ., 416 U.S. 732 n.7. The Court concludes that it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) over Plaintiffs' requests for declaratory and injunctive relief, which clearly ask the Court to intervene to preclude the IRS and its employees from continuing tax audits and collection of federal income taxes, penalties, and interest from the Plaintiffs.

**C. Plaintiffs' claims for damages**

*1. The United States, the IRS, and the individual Defendants in their official capacities are immune from suit under Bivens and the FTCA*

Plaintiffs' suit against the IRS and the IRS employees in their official capacities is an action against the United States because Plaintiffs seek to obtain damages paid from the public treasury. The United States has not waived its sovereign immunity and consented expressly to be sued for damages in a Bivens-type action. Bivens, 403 U.S. at 410; Nuclear Transport & Storage, Inc. v. United States, 890 F.2d 1348, 1352 (6th Cir. 1989). Further, Plaintiffs cannot skirt the sovereign immunity of the United States by naming as defendants officers and employees of the United States in their official capacities. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

Under the FTCA, the United States has not waived its sovereign immunity in regard to the assessment or collection of taxes. 28 U.S.C. § 2680; Fishburn v. Brown, 125 F.3d 979, 982 (6th Cir. 1997). All of Plaintiffs' claims arise from the auditing, assessment, and collection of federal income taxes, penalties and interest. The chart Plaintiffs appended to the Amended Complaint as Exhibit A confirms that their claims arise from federal tax audits. It is also not clear from Plaintiffs' Amended Complaint that they filed the proper administrative claim with the IRS to exhaust administrative remedies. 28 U.S.C. § 2675(a). Further, the FTCA explicitly excludes claims based on the performance of a discretionary function by a government officer. 28 U.S.C. § 2680.

Plaintiffs have not alleged a proper waiver of sovereign immunity by the United States, the IRS, and the named individual Defendants in their official capacities sufficient for the Court to entertain their suit for damages under Bivens or the FTCA. Thus, Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) against the United States and the individual Defendants in their official capacities under Bivens and the FTCA.

*2. Even if service of process was proper, Plaintiffs fail to state a claim against the individual Defendants under Bivens and the FTCA*

Plaintiffs' Amended Complaint makes broad claims of constitutional violations against the individual Defendants, but the Amended Complaint does not provide sufficient specific facts to connect any of the individual Defendants to the alleged illegal actions. In Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986), the Sixth Circuit held in a case brought under 42 U.S.C. § 1983 that a complaint for damages against government officials must contain more than mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. The Sixth Circuit extended this principle to the Bivens context in Nuclear Transport & Storage, Inc., 890 F.2d at 1354-1355. In the latter case, the plaintiff made the argument that, once one has pleaded

9

with sufficient particularity what unlawful acts have occurred, it is often impossible to determine prior to discovery the name of the person who committed the unlawful act or how it was accomplished. Id. at 1355. The appellate court rejected the argument, quoting Chapman:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

Id. (quoting Chapman, 808 F.2d at 465). The court also recognized that government officials sued in their individual capacities are entitled to raise the qualified immunity defense. Id. "Because of the need to protect government officials from the effects of unfounded damage actions, the Fifth Circuit in Elliott v. Perez, 751 F.2d 1472, 1482 (5th Cir. 1985) held that in these circumstances greater specificity should be required in order to support the contention that a plea of immunity cannot be sustained." Id. The Sixth Circuit said "[w]e see no reason why the heightened pleading requirement recognized in Elliott and Chapman should not apply to a Bivens action brought against a federal official." Id.

Plaintiffs' Amended Complaint is plead in very general terms, asserting broad causes of action without providing sufficient factual detail to place the numerous individual Defendants on notice of what each is accused of doing to violate Plaintiffs' constitutional rights. Fed.R.Civ.P. 8(a); Nuclear Transport & Storage, Inc., 890 F.2d at 1355. The Amended Complaint is even more troublesome because it is brought by more than forty (40) Plaintiffs against at least fifteen (15) named Defendants and additional unnamed Defendants. The Amended Complaint does not include specific facts describing how each Plaintiff has one or more constitutional claims against one or

more Defendants. Plaintiffs do not even provide the dates that certain actions occurred so that the Defendants may assert the statute of limitations defense if applicable. Therefore, the Court concludes that the Amended Complaint should be dismissed for failure to state a claim for lack of sufficient factual pleading. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding plaintiffs must provide the grounds for their entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.").

*3. Even if Plaintiffs' pleading is factually sufficient, no Bivens claim exists where Congress created specific remedies under a "comprehensive scheme"*

The Supreme Court stated in Schweiker v. Chilicky, 487 U.S. 412, 423 (1988), that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies." Later, the Sixth Circuit observed in Fishburn, 125 F.3d at 982-983, that "Congress has provided a damages remedy for the reckless or intentional disregard of Internal Revenue Code provisions by IRS employees in collecting taxes. See 26 U.S.C. § 7433. Furthermore, Congress unequivocally stated that § 7433 precludes Bivens actions against IRS agents for due process violations." Id. (cited cases omitted). The Sixth Circuit held in Fishburn that the plaintiff had adequate levels of review through the Internal Revenue Code to bring her allegations for due process violations and challenge the IRS agents' actions without pursuing a Bivens remedy. Id. The Sixth Circuit relied on Bob Jones Univ., 416 U.S. at 747, for the principle that where internal revenue collection is at issue, a meaningful post-deprivation remedy will satisfy the Due Process Clause. Id. Other circuits have also held that IRS agents are not subject to a Bivens action where Congress provided adequate remedial mechanisms in the Tax Code for alleged constitutional violations. Hudson Valley Black Press v. IRS, 409 F.3d 106, 111 (2d Cir. 2005);

11

Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 409-410 (4th Cir. 2003); Shreiber v. Mastrogiovanni, 214 F.3d 148, 150-153 (3rd Cir. 2000); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997); Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1453-1454 (8th Cir. 1994). Consequently, the Court concludes that Plaintiffs' Bivens action is barred by the remedial mechanisms in the tax code.

*4. Plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 fail*

Although in the Amended Complaint Plaintiffs converted their claims under 42 U.S.C. § 1983 to Bivens claims, they still plead claims under §§ 1985 and 1986. Like § 1983, causes of action under §§ 1985 and 1986 concern action by state actors under color of state law. Nonetheless, to prevail on a conspiracy claim under § 1985, Plaintiffs must plead and show that the conspiracy was motivated by some racial or otherwise class-based invidiously discriminatory animus. United Bhd. of Carpenters and Joiners v. Scott, 463 U.S. 825, 835 (1983). No such allegations have been made in the Amended Complaint. Section 1986 is designed to punish those who aid and abet violations of § 1985. Browder v. Tipton, 630 F.2d 1149, 1155 (6th Cir. 1980). Where the § 1985 claim fails, the § 1986 claim must fail also. Id. Therefore, these two claims must be dismissed for failure to state a claim.

*5. Plaintiffs' claims under the Tax Code fail*

Title 26 U.S.C. § 7433 provides in pertinent part:

**(a) In general.**–If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

12

* * *

> **(d) Limitations.--**
>
>> **(1) Requirement that administrative remedies be exhausted.**–A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

"The United States' waiver of sovereign immunity in § 7433 is strictly construed and, by its terms, does not provide taxpayers a cause of action for an allegedly improper assessment of taxes." Romp v. United States, 96 Fed.Appx. 978, 979-980 (6th Cir. 2004).

The Secretary of the United States Treasury has promulgated regulations governing the exhaustion of an administrative claim for damages under § 7433. 26 C.F.R. § 301.7433-1(e). The administrative claim must be sent in writing to the Area Director, Attention: Compliance Technical Support Manager, of the area in which the taxpayer currently resides. The administrative claim must include: contact information for the taxpayer; the "grounds, in reasonable detail, for the claim"; a description of the injuries incurred by the taxpayer filing the claim; the dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable; and the signature of the taxpayer or duly authorized representative. Documentation or correspondence with the IRS substantiating the claim must be enclosed. Id.

Failure to comply with this regulation deprives the court of jurisdiction. Venen v. United States, 38 F.3d 100, 103 (3rd Cir. 1994); Romp, 96 Fed.Appx. at 979-980. The United States' sovereign immunity is not waived unless administrative remedies are exhausted in accordance with the regulation. Romp, 96 Fed.Appx. at 980.

In the Amended Complaint, the Plaintiffs generally assert in Section IV ¶ 58 and Section V ¶ 36 that they exhausted their administrative remedies. Then, in Section V ¶ 37, Plaintiffs refer to Exhibit A attached to the Amended Complaint, which Plaintiffs assert gives "a breakdown of dates, appeals, audits, TIGTA complaints and Defendant violations provided by plaintiffs." Plaintiffs do not define what they mean by "TIGTA" complaints. In their brief in response to the motion to dismiss, Plaintiffs state that they have alleged they exhausted their administrative remedies and they refer to Exhibit A to the Amended Complaint as "providing notice of dates and exhaustion of TIGTA remedies and appeals." (Docket Entry No. 103, Plaintiffs' Memorandum at 20-21.) In Section V ¶ 38 of the Amended Complaint, Plaintiffs allege that the IRS 911 forms for some Plaintiffs attached to the Amended Complaint as Exhibit B constitute exhaustion of admnistrative remedies. In Section V ¶ 39, Plaintiffs allege that a blanket complaint was filed administratively on behalf of all clients of Lisa Unge, citing Exhibit C to the Amended Complaint. Exhibit C is a letter addressed to "Patrick," but "Patrick" is not identified as an IRS employee, and the letter is not signed.

"TIGTA" refers to the Treasury Inspector General for Tax Administration ("TIGTA"), which receives its authority under 5 U.S.C. app. 3 § 8D. See United States v. Lovern, 293 F.3d 695, 698-699 (4th Cir. 2002). Under 26 U.S.C. § 7803(d)(3)(B), however, TIGTA is required to establish and maintain a toll-free telephone number for taxpayers to use to confidentially register complaints of misconduct by IRS employees. Id. Because the Plaintiffs did not attach to the Amended Complaint a sample of a written TIGTA complaint, as referred to on Plaintiffs' Exhibit A to the Amended Complaint, the Court concludes such TIGTA complaints were verbal complaints made over the telephone. Even if the TIGTA complaints were in writing, they still would not satisfy § 7433's

14

requirements that the administrative remedy provided in that statute be addressed to Area Director, Attention: Compliance Technical Support Manager, of the area in which the taxpayer currently resides, nor is there any showing that the administrative complaints contained all of the information required by the regulation. The IRS 911 forms attached to the Amended Complaint and the blanket complaint letter supposedly written on behalf of all Plaintiffs by Lisa Unge to "Patrick" also do not comply with the regulation.

Plaintiffs have not alleged sufficient facts to establish that the administrative remedies under § 7433 were exhausted by any Plaintiff, let alone each Plaintiff. Thus, the Court concludes that it does not have jurisdiction to proceed on Plaintiffs' claim under that statute, and the claim must be dismissed. See Williams v. United States, 165 F.3d 30 (Table), 1998 WL 537579 *5 (6th Cir. 1998) (dismissing § 7433 claim as jurisdictionally barred for failure to exhaust administrative remedies); Kenny v. United States, 2009 WL 276511 at **6-7 (D. N.J. Feb. 5, 2009) (dismissing § 7433 claim for failure to exhaust administrative remedies even though taxpayer made TIGTA complaint).

Plaintiffs' claim for disclosure of confidential return information under 26 U.S.C. § 7431 fails to state a claim because Plaintiffs did not allege any facts to place the Defendants on notice as to which of their many acts constituted unauthorized disclosure of Plaintiffs' tax return information. Although Plaintiffs cite 26 U.S.C. § 7314, that statute does not exist. Title 26 U.S.C. § 7491 is a burden of proof-shifting statute applicable in a court proceeding, but it does not provide a separate cause of action. Title 26 U.S.C. § 7426 provides a method by which a third party can bring an action for wrongful levy. This statute does not apply to Plaintiffs. Therefore, all of Plaintiffs' statutory claims under the tax code must be dismissed.

**D. Plaintiffs' state law claims**

Because all of the Plaintiffs' federal claims must be dismissed for lack of jurisdiction, failure to achieve proper service of process, or failure to state a claim, the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide Plaintiffs' state law claims.

## III. CONCLUSION

For all of the reasons stated, the United States' Motion to Dismiss Plaintiffs' Complaint (Docket Entry No. 68) will be granted.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE